IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROUND ROCK RESEARCH, LLC, | |
| Plaintiff, | Civil Action No. _____ |
| v. | **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff Round Rock Research, LLC ("Round Rock"), for its Complaint against Defendant Amazon.com, Inc. ("Amazon"), hereby alleges as follows:

### The Parties

1. Plaintiff Round Rock is a Delaware limited liability company with its principal place of business at 26 Deer Creek Lane, Mount Kisco, NY 10549.

2. Defendant Amazon is a Delaware corporation, with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

### Nature Of The Action

3. This is a civil action for infringement of nine United States patents, arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

### Jurisdiction And Venue

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b), because Amazon resides in this district, is subject to personal jurisdiction in this district, and has committed acts of infringement in this district.

### The Patents-In-Suit

6.  United States Patent No. 5,500,650 ("the '650 patent"), entitled "Data Communication Method Using Identification Protocol," was duly and legally issued by the United States Patent and Trademark Office on March 19, 1996. A copy of the '650 patent is attached hereto as Exhibit A.

7.  United States Patent No. 5,627,544 ("the '544 patent"), entitled "Data Communication Method Using Identification Protocol," was duly and legally issued by the United States Patent and Trademark Office on May 6, 1997. A copy of the '544 patent is attached hereto as Exhibit B.

8.  United States Patent No. 5,974,078 ("the '078 patent"), entitled "Modulated Spread Spectrum In RF Identification Systems Method," was duly and legally issued by the United States Patent and Trademark Office on October 26, 1999. A copy of the '078 patent is attached hereto as Exhibit C.

9.  United States Patent No. 6,459,726 ("the '726 patent"), entitled "Backscatter Interrogators, Communication Systems And Backscatter Communication Methods," was duly and legally issued by the United States Patent and Trademark Office on October 1, 2002. A copy of the '726 patent is attached hereto as Exhibit D.

10. United States Patent No. RE41,531 ("the '531 patent"), entitled "Communications Systems For Radio Frequency Identification (RFID)," was duly and legally issued by the United

States Patent and Trademark Office on August 17, 2010. A copy of the '531 patent is attached hereto as Exhibit E.

11. United States Patent No. 6,975,556 ("the '556 patent"), entitled "Circuit And Method For Controlling A Clock Synchronizing Circuit For Low Power Refresh Operation," was duly and legally issued by the United States Patent and Trademark Office on December 13, 2005. A copy of the '556 patent is attached hereto as Exhibit F.

12. United States Patent No. 7,106,646 ("the '646 patent"), entitled "Circuit And Method For Controlling A Clock Synchronizing Circuit For Low Power Refresh Operation," was duly and legally issued by the United States Patent and Trademark Office on September 12, 2006. A copy of the '646 patent is attached hereto as Exhibit G.

13. United States Patent No. 7,221,020 ("the '020 patent"), entitled "Method To Construct A Self Aligned Recess Gate For DRAM Access Devices," was duly and legally issued by the United States Patent and Trademark Office on May 22, 2007. A copy of the '020 patent is attached hereto as Exhibit H.

14. United States Patent No. 7,389,369 ("the '369 patent"), entitled "Active Termination Control," was duly and legally issued by the United States Patent and Trademark Office on June 17, 2008. A copy of the '369 patent is attached hereto as Exhibit I.

15. The '650 patent, '544 patent, '078 patent, '726 patent, '531 patent, '556 patent, '646 patent, '020 patent, and '369 patent are collectively referred to herein as the "patents-in-suit."

16. Round Rock is the exclusive owner of all rights, title, and interest in each of the patents-in-suit, and has the right to bring this suit to recover damages for any current or past infringement of each of the patents-in-suit.

## COUNT I

### Infringement Of The '650 Patent

17. Paragraphs 1 through 16 are incorporated by reference as if fully stated herein.

18. The '650 patent is valid and enforceable.

19. Amazon has infringed, and continues to infringe, one or more claims of the '650 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by practicing every step of those claims in the United States, including for example, by using products and systems consisting of or including ultra-high frequency passive radio frequency identification tags and/or radio frequency identification readers (collectively, "RFID products").

20. Amazon has had knowledge of and notice of the '650 patent and its infringement since at least November 16, 2011, through a letter sent by Round Rock to Amazon concerning the '650 patent and its infringement.

21. Round Rock has been and continues to be damaged by Amazon's infringement of the '650 patent.

22. Amazon's infringement of the '650 patent was, and continues to be, willful.

23. Amazon's conduct in infringing the '650 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II

### Infringement Of The '544 Patent

24. Paragraphs 1 through 23 are incorporated by reference as if fully stated herein.

25. The '544 patent is valid and enforceable.

26. Amazon has infringed, and continues to infringe, one or more claims of the '544 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by

practicing every step of those claims in the United States, including for example, by using RFID products.

27.   Amazon has had knowledge of and notice of the '544 patent and its infringement since at least November 16, 2011, through a letter sent by Round Rock to Amazon concerning the '544 patent and its infringement.

28.   Round Rock has been and continues to be damaged by Amazon's infringement of the '544 patent.

29.   Amazon's infringement of the '544 patent was, and continues to be, willful.

30.   Amazon's conduct in infringing the '544 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT III

### Infringement Of The '078 Patent

31.   Paragraphs 1 through 30 are incorporated by reference as if fully stated herein.

32.   The '078 patent is valid and enforceable.

33.   Amazon has infringed, and continues to infringe, one or more claims of the '078 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing RFID products.

34.   Amazon has had knowledge of and notice of the '078 patent and its infringement since at least November 9, 2011, through a letter sent by Round Rock to Amazon concerning the '078 patent and its infringement.

35.  Round Rock has been and continues to be damaged by Amazon's infringement of the '078 patent.

36.  Amazon's infringement of the '078 patent was, and continues to be, willful.

37.  Amazon's conduct in infringing the '078 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT IV

### Infringement Of The '726 Patent

38.  Paragraphs 1 through 37 are incorporated by reference as if fully stated herein.

39.  The '726 patent is valid and enforceable.

40.  Amazon has infringed, and continues to infringe, one or more claims of the '726 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products and/or methods encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing RFID products.

41.  Amazon has had knowledge of and notice of the '726 patent and its infringement since at least November 16, 2011, through a letter sent by Round Rock to Amazon concerning the '726 patent and its infringement.

42.  Round Rock has been and continues to be damaged by Amazon's infringement of the '726 patent.

43.  Amazon's infringement of the '726 patent was, and continues to be, willful.

44.  Amazon's conduct in infringing the '726 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT V

### Infringement Of The '531 Patent

45. Paragraphs 1 through 44 are incorporated by reference as if fully stated herein.

46. The '531 patent is valid and enforceable.

47. Amazon has infringed, and continues to infringe, one or more claims of the '531 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing RFID products.

48. Amazon has had knowledge of and notice of the '531 patent and its infringement since at least November 16, 2011, through a letter sent by Round Rock to Amazon concerning the '531 patent and its infringement.

49. Round Rock has been and continues to be damaged by Amazon's infringement of the '531 patent.

50. Amazon's infringement of the '531 patent was, and continues to be, willful.

51. Amazon's conduct in infringing the '531 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VI

### Infringement Of The '556 Patent

52. Paragraphs 1 through 51 are incorporated by reference as if fully stated herein.

53. The '556 patent is valid and enforceable.

54. Amazon has infringed, and continues to infringe, one or more claims of the '556 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by

making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products and/or methods encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing Amazon's Kindle products with unlicensed DRAM, such as, for example, DRAM manufactured by Elpida or Hynix (collectively "DRAM products").

55. Third parties, including Amazon's customers, have infringed, and continue to infringe, one or more claims of the '556 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by using, selling, and/or offering for sale in the United States, and/or importing into the United States, DRAM products supplied by Amazon.

56. Amazon has had knowledge of and notice of the '556 patent and its infringement since at least December 21, 2011, through a letter sent by Round Rock to Amazon concerning the '556 patent and its infringement.

57. Amazon has induced infringement, and continues to induce infringement, of one or more claims of the '556 patent under 35 U.S.C. § 271(b). Amazon actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '556 patent by selling or otherwise supplying DRAM products; with the knowledge and intent that third parties will use, sell, offer for sale, and/or import, the DRAM products supplied by Amazon to infringe the '556 patent; and with the knowledge and intent to encourage and facilitate the infringement through the dissemination of the DRAM products and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the DRAM products.

58. Round Rock has been and continues to be damaged by Amazon's infringement of the '556 patent.

59. Amazon's infringement of the '556 patent was, and continues to be, willful.

60. Amazon's conduct in infringing the '556 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VII

### Infringement Of The '646 Patent

61. Paragraphs 1 through 60 are incorporated by reference as if fully stated herein.

62. The '646 patent is valid and enforceable.

63. Amazon has infringed, and continues to infringe, one or more claims of the '646 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing DRAM products.

64. Third parties, including Amazon's customers, have infringed, and continue to infringe, one or more claims of the '646 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by using, selling, and/or offering for sale in the United States, and/or importing into the United States, DRAM products supplied by Amazon.

65. Amazon has had knowledge of and notice of the '646 patent and its infringement since at least December 21, 2011, through a letter sent by Round Rock to Amazon concerning the '646 patent and its infringement.

66. Amazon has induced infringement, and continues to induce infringement, of one or more claims of the '646 patent under 35 U.S.C. § 271(b). Amazon actively, knowingly, and

intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '646 patent by selling or otherwise supplying DRAM products; with the knowledge and intent that third parties will use, sell, offer for sale, and/or import, the DRAM products supplied by Amazon to infringe the '646 patent; and with the knowledge and intent to encourage and facilitate the infringement through the dissemination of the DRAM products and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the DRAM products.

67. Round Rock has been and continues to be damaged by Amazon's infringement of the '646 patent.

68. Amazon's infringement of the '646 patent was, and continues to be, willful.

69. Amazon's conduct in infringing the '646 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VIII

### Infringement Of The '020 Patent

70. Paragraphs 1 through 69 are incorporated by reference as if fully stated herein.

71. The '020 patent is valid and enforceable.

72. Amazon has infringed, and continues to infringe, one or more claims of the '020 patent under 35 U.S.C. § 271(g), either literally and/or under the doctrine of equivalents, by importing into the United States, and/or offering to sell, selling, or using within the United States, DRAM products made by the processes of those claims.

73.   Amazon has had knowledge of and notice of the '020 patent and its infringement since at least December 21, 2011, through a letter sent by Round Rock to Amazon concerning the '020 patent and its infringement.

74.   Round Rock has been and continues to be damaged by Amazon's infringement of the '020 patent.

75.   Amazon's infringement of the '020 patent was, and continues to be, willful.

76.   Amazon's conduct in infringing the '020 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT IX

### Infringement Of The '369 Patent

77.   Paragraphs 1 through 76 are incorporated by reference as if fully stated herein.

78.   The '369 patent is valid and enforceable.

79.   Amazon has infringed, and continues to infringe, one or more claims of the '369 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing DRAM products.

80.   Third parties, including Amazon's customers, have infringed, and continue to infringe, one or more claims of the '369 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by using, selling, and/or offering for sale in the United States, and/or importing into the United States, DRAM products supplied by Amazon.

81. Amazon has had knowledge of and notice of the '369 patent and its infringement since at least December 21, 2011, through a letter sent by Round Rock to Amazon concerning the '369 patent and its infringement.

82. Amazon has induced infringement, and continues to induce infringement, of one or more claims of the '369 patent under 35 U.S.C. § 271(b). Amazon actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '369 patent by selling or otherwise supplying DRAM products; with the knowledge and intent that third parties will use, sell, offer for sale, and/or import, the DRAM products supplied by Amazon to infringe the '369 patent; and with the knowledge and intent to encourage and facilitate the infringement through the dissemination of the DRAM products and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the DRAM products.

83. Round Rock has been and continues to be damaged by Amazon's infringement of the '369 patent.

84. Amazon's infringement of the '369 patent was, and continues to be, willful.

85. Amazon's conduct in infringing the '369 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## Prayer For Relief

WHEREFORE, Round Rock prays for judgment as follows:

A. That Amazon has infringed each of the patents-in-suit;

B. That Amazon's infringement of each of the patents-in-suit has been willful;

C.   That Round Rock be awarded all damages adequate to compensate it for Amazon's infringement of the patents-in-suit, such damages to be determined by a jury and, if necessary to adequately compensate Round Rock for the infringement, an accounting, and that such damages be trebled and awarded to Round Rock with pre-judgment and post-judgment interest;

D.   That this case by declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Round Rock be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

E.   That Round Rock be awarded such other and further relief as this Court deems just and proper.

## Demand For Jury Trial

Plaintiff Round Rock hereby demands a trial by jury on all issues so triable.

Dated: December 22, 2011                                    FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
bfarnan@farnanlaw.com

*Counsel for Plaintiff*
*Round Rock Research, LLC*

*Of Counsel:*

Jon T. Hohenthaner
jhohenthaner@desmaraisllp.com
John C. Spaccarotella
jspaccarotella@desmaraisllp.com
Jason Berrebi

jberrebi@desmaraisllp.com
Eugene Chiu
echiu@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)