# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 15 |
| Elpida Memory, Inc., | Case No. 12-10947 (CSS) |
| Debtor in a Foreign Proceeding. | Re: Docket Nos. 3, 40, 57, 66 and 74 |

**ORDER APPROVING STIPULATION WITHDRAWING REQUEST FOR
EXTENSION OF THE AUTOMATIC STAY PURSUANT TO SECTIONS 105, 1520
AND 362 OF THE BANKRUPTCY CODE TO THE ROUND ROCK MATTERS**

Upon consideration of the *Stipulation Withdrawing Request for Extension of the Automatic Stay Pursuant to Sections 105, 1520 and 362 of the Bankruptcy Code to the Round Rock Matters* (the "Stipulation"),[1] a copy of which is attached hereto as Exhibit 1, as agreed to by and between Yukio Sakamoto ("Petitioner") and Nobuaki Kobayashi, as foreign representatives of Elpida Memory, Inc. in the above-captioned Chapter 15 Case, and Round Rock Research, LLC, it is hereby

ORDERED that the Stipulation is APPROVED; and it is further

ORDERED that Petitioner's request to extend the automatic stay pursuant to sections 105, 1520 and 362 of the Bankruptcy Code to the Round Rock Matters with respect to claims arising from or relating to the use or sale of Elpida's products is WITHDRAWN, without prejudice; and it is further

ORDERED that the Round Rock Objection is WITHDRAWN, without prejudice; and it is further

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

RLF1 5993921v. 2

ORDERED that the Round Rock Order is VACATED; and it is further

ORDERED that a notice of entry of this Order shall be entered on the case dockets of the

Round Rock Matters; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and

enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from

or related to the implementation or interpretation of the Stipulation or this Order.


Dated: May 2, 2012
       Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE


2

# EXHIBIT 1

RLF1 5993921v. 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| Elpida Memory, Inc., | ) | Case No. 12-10947 (CSS) |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | **Re: Docket Nos. 3, 40, 57 and 66** |
| | ) | |

## STIPULATION WITHDRAWING REQUEST FOR EXTENSION OF THE AUTOMATIC STAY PURSUANT TO SECTIONS 105, 1520 AND 362 OF THE BANKRUPTCY CODE TO THE ROUND ROCK MATTERS[1]

WHEREAS, on March 19, 2012, Yukio Sakamoto (the "Petitioner"), as the foreign representative of Elpida Memory, Inc. ("Elpida"), a debtor that has commenced reorganization proceedings under Japanese law, filed a voluntary petition (the "Petition") under chapter 15 of the title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing the above-captioned chapter 15 case (the "Chapter 15 Case"). Along with the Petition, the Petitioner filed, *inter alia*, an *Application for an Order Granting Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice* [Docket No. 3] (the "Application");

WHEREAS, on March 20, 2012, the Court held a hearing to consider the relief requested in the Application, and on March 21, 2012 entered the *Order Granting Provisional Relief, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice* [Docket No. 25],

---

[1] The "Round Rock Matters" include: (i) Round Rock Research, LLC v. Acer, Inc. et al., No. 1:11-cv-00977 (D. Del. filed Oct. 14, 2011); (ii) Round Rock Research, LLC v. Amazon.com, Inc., No. 1:11-cv-01279 (D. Del. filed Dec. 22, 2011); (iii) Round Rock Research, LLC v. Asustek Computer Inc. et al., No. 1:11-cv-00978 (D. Del. filed Oct. 14, 2011); and (iv) Round Rock Research, LLC v. Dell, Inc., No. 1:11-cv-00976 (D. Del. filed Oct. 14, 2011).

granting the relief requested in the Application on an interim basis and setting it for final hearing on April 18, 2012 at 11:00 a.m. (EDT) (the "Recognition Hearing");

WHEREAS, on April 13, 2012, the Petitioner filed a *Supplemental Memorandum of Law in Further Support of Petition for Recognition and Application for Automatic Relief* [Docket No. 40] (the "Supplemental Memorandum"). Pursuant to the Supplemental Memorandum, the Petitioner requested that the Court extend the automatic stay pursuant to sections 105, 1520 and 362 of the Bankruptcy Code to the Round Rock Matters with respect to claims arising from or relating to the use or sale of Elpida's products. In response, on April 17, 2012, Round Rock Research, LLC ("Round Rock") filed the *Objection of Round Rock Research, LLC to Petition for Recognition and Application for Automatic Relief as Amended by the Supplemental Memorandum of Law* [Docket No. 57] (the "Round Rock Objection");

WHEREAS, on April 24, 2012, the Court granted the relief requested in the Supplemental Memorandum with respect to the Round Rock Matters on an interim basis, entering the *Order Granting Provisional Relief Regarding Round Rock Matters* [Docket No. 66] (the "Round Rock Order");

WHEREAS, counsel for the Petitioner has learned that the case Round Rock Research, LLC v. Amazon.com, LLC, No. 1:11-cv-01279 (D. Del. Filed Dec. 22, 2011) has been stayed by agreement of the parties and administratively closed by order of the court pending reexamination of certain patents at issue in that case;

WHEREAS, counsel for the Petitioner has learned that the case Round Rock Research, LLC v. Asustek Computer Inc. et al., No. 1:11-cv-00978 (D. Del. filed Oct. 14, 2011) is currently in jurisdictional discovery and briefing on a motion to dismiss, and fact discovery will not commence until after the jurisdictional issue is decided;

2

WHEREAS, the Petitioner and Nobuaki Kobayashi, as foreign representatives of Elpida, and Round Rock (collectively, the "Parties") have agreed to the withdrawal of Petitioner's request to extend the automatic stay pursuant to sections 105, 1520 and 362 of the Bankruptcy Code to the Round Rock Matters with respect to claims arising from or relating to the use or sale of Elpida's products, without prejudice.

NOW, THEREFORE, it is hereby stipulated and agreed (this "Stipulation"), by and among the undersigned parties, through counsel, as follows:

1.     The foregoing recitals are true and correct to the best of the Parties' knowledge, are hereby adopted by the Parties as representations thereby, incorporated herein by reference and are made a part of the Parties' agreement.

2.     Petitioner's request to extend the automatic stay pursuant to sections 105, 1520 and 362 of the Bankruptcy Code to the Round Rock Matters with respect to claims arising from or relating to the use or sale of Elpida's products is hereby withdrawn, without prejudice, with a reservation by Petitioner of the right to seek such a stay at a later time.

3.     The Round Rock Objection is hereby withdrawn without prejudice.

4.     Except as stated herein, each of the Parties agrees that it has not relied upon any representation, warranty, condition, understanding, promise or agreement of any kind, other than those actually set forth in this Stipulation, in entering into this Stipulation.

5.     Each of the Parties shall execute all instruments and documents and take all actions as may be reasonably required to effectuate this Stipulation.

6.     Each Party may sign a facsimile or other electronic copy of this Stipulation, in counterparts, with the same effect as if such Party had signed an original of the same document.

3

The executed counterparts shall be construed as and constitute one Stipulation that will be binding on the Parties hereto.

7.     This Stipulation and the Bankruptcy Court authorization thereof constitute the entire agreement between the Parties with respect to the subject matter of this Stipulation, are intended as a final expression of the Parties' agreement with respect to such terms as are included in this Stipulation, are intended as a complete and exclusive statement of the terms of such agreement, and supersede all negotiations, stipulations, understandings, agreements, representations and warranties, if any, with respect to such subject matter, which precede or accompany the execution of this Stipulation.

8.     Each Party shall bear its own attorneys' fees, court costs and related expenses incurred by or on behalf of said Party in connection with the Application, the Supplemental Memorandum, the Round, and this Stipulation.

9.     Each Party to this Stipulation and such Party's legal counsel have reviewed and revised this Stipulation.  The rule of construction that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Stipulation or any addenda, amendments or exhibits to this Stipulation.

4

RICHARDS, LAYTON & FINGER, P.A.

By: /s/ Lee E. Kaufman
Mark D. Collins (No. 2981)
Lee E. Kaufman (No. 4877)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

DAVIS POLK & WARDWELL LLP

James I. McClammy (admitted *pro hac vice*)
Giorgio Bovenzi (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800

Theodore A. Paradise (admitted *pro hac vice*)
Izumi Garden Tower 33F
1-6-1 Roppongi
Minato-ku
Tokyo 106-6033, Japan
Telephone: +81 3 5561 4421
Facsimile: +81 3 5561 4425

*Attorneys for Petitioner*

FARNAN LLP

By: /s/ Brian E. Farnan
Brian E. Farnan (No. 4089)
Rosemary J. Piergiovanni (No. 3655)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone:  (302) 777-0300
Facsimile:  (302) 777-0301

*Attorneys for Round Rock Research, LLC*

5

RLF1 5993082v. 2